United States District Court

For the District of Columbia

Sharnita E. Worthen,

1800 F Street, NW

Washington, DC 20004

    Plaintiff,

        v.                      Civil Case No.

Emily W. Murphy, Administrator,

U.S. General Services Administration,

Office of Civil Rights

1800 F Street, NW

Washington, DC 20405

    Defendant.

& 

Neil Skidmore, in his official capacity,

Us General Services Administration

Office of Civil Rights

1800 F Street, NW

Washington, DC 20405

    Defendant.

ORIGINAL COMPLAINT

(TRIAL BY JURY REQUESTED)

This lawsuit involves a federal government employee Sharnita E. Worthen suing her Agency for the inhumane treatment she has endured from her supervisor and for damages based on information and belief and/or the Plaintiff's personal knowledge.

:

## INTRODUCTION

Ms. Worthen averts that she was mistreated based upon her race (i.e., black female), sex and age by her direct supervisor (ie., white male) at the US General Services Administration ("Agency") to include being intentionally grossly "sneezed upon" her and then suggested that she would be acting too sensitive to be upset as a black female in her age group. No other employee was treated similarly to how Ms. Worthen was treated. She was denied telework, open criticized and ostracized in meetings when similarly when situated white employees were allowed to telework, not meticulously document her start and finish time in a degrading fashion before other staff members on a daily basis, and having her private medical information printed out on a central computer accessible to the entire office to humiliate Ms. Worthen.

## STATEMENT OF JURISDICTION AND VENUE

Plaintiff invokes the jurisdiction of this Court pursuant to Title VII of the Civil Rights Act of 19 64 as amended as2 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act (29 U.S.C.

633a) as a federal question.

The unlawful employment practices alleged in this complaint, including discrimination on the basis of Plaintiff's age and prior protected equal employment opportunity activity retaliatory action,

1. This lawsuit is an Appeal from a final Order by the EEOC.

## PARTIES

2. Plaintiff Sharnita E. Worthen (Ms. Worthen") at all times relevant to this lawsuit was a 43-year old black female employed as a management analyst for Business and Administrative Management ("BAM") in the Office of Human Resources Management ("OHRM") at the General Services Administration office in Washington, DC.

3. Defendant General Services Administrative ("GSA") Agency is a federal government agency. Emily W. Murphy is the current administrator of the agency and is sued in her official capacity only.

4. Defendant Neil Skidmore is sued in his capacity only. Mr. Skidmore was the Plaintiff's direct supervisor for all times relevant to this lawsuit.

5. Plaintiff has satisfied all administrative prerequisites, as expounded in 29 §§ 1614.407(b) and 1614.201(c), prior to the institution of this action. The Agency docketed a finalOrder of the EEOC decision in this matter granting summary judgment to the Agency. The EEOC issued a right to sue letter.

6. Plaintiff filed this timely lawsuit.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff was subjected to a hostile work environment from December, 2015 until the date of the filing of this lawsuit.

8. Plaintiff endured reprisal (prior EEO activity) from her supervisor.

9. Ms. Worthen averts that she was mistreated based upon her race (i.e., black female), sex and age by her direct supervisor (ie., white male) at the US General Services Administration to include being intentionally grossly "sneezed upon" her and then suggested that she would be acting too sensitive to be upset as a black female in her age group. No other employee was treated similarly to how Ms. Worthen was treated.

10. Subsequent to December 2015, Plaintiff's supervisor was insulting towards her and accused her of being disrespectful and not listening, only after Plaintiff had filed an EEO Complaint.

11. Subsequent to December 20, 2015, her performance on the Transit Program was publicly criticized even though she received no training.

12. In March 2016, her request for telework was denied when similarly situated, non-black employees, were allowed to telework.

13. Beginning in March 2016, Plaintiff s supervisor threatened to code her time and attendance record to reflect Absent Without Leave (AWOL) hours in a manner no white employees time was coded in the same fashion.

14. Beginning in approximately August 2016, Plaintiff 's supervisor required her to report her arrival and departure times to and from work while white employees did not have to report their start and departure times.

15. On April 13, 2017, she became aware that her supervisor printed out her medical documentation on a shared office printer.

16. At the time of the allegations herein, Plaintiff Sharnita Worthen (YOB: 1976) was employed as a Management Analyst for Business and Administrative Management (BAM) in the Office of Human Resources Management (OHRM) at the General Services Administration (GSA), located in Washington, D.C.

17. Plaintiff was reassigned to her position as part of an EEO settlement scheduled on November 30, 2015.

18. Plaintiff 's first-line supervisor was Supervisory Analyst Neil Skidmore.

19. Plaintiff began working under Mr. Skidmore's supervision in December 2015. Mr. Skidmore was aware or should have been aware that Plaintiff was reassigned to his division as part of an EEO settlement.

20. Shortly after Plaintiff began working under Mr. Skidmore's supervision, he assigned her coordinator duties related to the Transit Program.

21. On or around April 2016 until January 2017, Mr. Skidmore started holding regular biweekly meetings with Plaintiff primarily about the Transit Program. Mr. Skidmore criticized Plaintiff s performance on the Transit Program in front of groups of people.

22. Beginning in March 2016, Mr. Skidmore threatened to code' Plaintiff s time and attendance to reflect Absent Without Leave (AWOL) hours.

23. In March 2016, Plaintiff verbally requested permission to telework. Mr. Skidmore denied this request.

24. Plaintiff invokes a violation of Title VII of the Civil rights Act of 1964, as amended as 42 USC §2000e.

25. alleges that beginning in August 2016, Mr. Skidmore required that Plaintiff report her arrival and departure times to and from work.

26. On April 13, 2017, Mr. Skidmore printed out Plaintiff's medical documentation. Plaintiff picked up these documents on a shared office printer.

27. Plaintiff that they were his documents.

28. Plaintiff notified the Agency's Privacy Act Office about the medical document printing incident by Mr. Skidmore.

## COUNT 1 - RACE DISCRIMINATION

29. Plaintiff incorporates ¶¶ 1-26 of this Complaint.

30. Plaintiff invokes a violation of Title VII of the Civil rights Act of 1964, as amended as 42 USC §2000e.

31. The Agency is vicariously liable for the actions of Mr. Skidmore.

## COUNT 2- SEX and AGE DISCRIMINATION

32. Plaintiff incorporates ¶¶ 1-26 of this Complaint.

33. Plaintiff invokes a violation of Title VII of the Civil rights Act of 1964, as amended as 42 USC §2000e.

34. Plaintiff is a member of one or more protected classes as a black female she was subjected to conduct so offensive that it altered the conditions of her employment, from the perspective of a reasonable person in her position.  See e.g., Oncale v.

Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998); Harris v. Forklift Syss., Inc., 510 U.S. 17, 21-22 (1993); Meritor Sav. Bank F.S.B. v. Vinson, 477 U.S. 57, 67 (1986); Winston v. Dep't of Health and Human Servs., EEOC Appeal No. 01985752 (Dec. 13, 2000); Enforcement Guidance: Vicarious Liability for Unlawful Harassment by Supervisors, EEOC Notice No. 915.002, at 2 (June 18, 1999). The conditions of employment are altered only if the harassment culminated in a tangible employment action or was sufficiently severe or pervasive to create a hostile work environment. See Enforcement Guidance, supra. Therefore, to warrant a hearing on her hostile work environment claim, Complainant must present enough evidence to raise a genuine issue of material fact as to whether, because of her age and prior EEO activity, she was subjected to conduct so severe or pervasive by management officials that a reasonable person in her position would have considered that conduct to be hostile or abusive.

35. The age difference between Mr. Skidmore and Plaintiff is approximately 40 years.

36. The Agency is vicariously liable for the actions of Mr. Skidmore.

## SEX DISCRIMINATION

37. Plaintiff incorporates ¶¶ 1-26 of this Complaint.

38. Plaintiff is a member in one or more protected classes as a female, she was subjected to conduct so offensive that it altered the conditions of her employment, from the perspective of a reasonable person in her position. See e.g., Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81

39. The Agency is vicariously liable for the actions of Mr. Skidmore.

## CONCLUSION

The agency is liable for discrimination against Plaintiff.

## DEMAND AND OTHER RELIEF

WHEREFORE, Plaintiff demands relief in the amount of (i) $1,000,000 for race discrimination, (ii) $1,000,000 for sex discrimination and (iii) $1,000,000 for age discrimination and any other relief the Court finds fair and just.

Respectfully,

/s/Kevin J. McCants (493979)
Counsel for Plaintiff
601 Pennsylvania Avenue, NW
#900
Washington, DC 20004
202.459.4676
kevin@themccantsfirm.com